MAUDE RAE REYNOLDS v. GEORGE T. WOOD AND WIFE, BESSIE M. WOOD.

(Filed 21 May, 1941.)

1. **Reformation of Instruments § 3—Evidence held insufficient to support finding that description was inserted in deed through mutual mistake.**

Evidence that the grantee desired to purchase the particular lot which was described in her deed, and that, at the time she offered to purchase, the parties thought that grantors owned the lot, without evidence that the parties had gone on the premises or that they had mistakenly inserted the description of the lot intended to be conveyed, is insufficient to support a finding that the parties intended to describe another lot in the subdivision to which grantors had title, and grantors are not entitled to reformation for mutual mistake of the parties.

**2. Courts § 2a—**

> Where the only exception is to that part of the judgment of the munici-
> pal court relating to the allowance of the defendants' counterclaim, the
> Superior Court upon its determination that judgment on the counterclaim
> was erroneously allowed, is limited to remanding the case to the municipal
> court for proceedings therein in accordance with the judgment of the
> Superior Court.

APPEAL by defendants from *Pless, J.,* at January Term, 1941, of
GUILFORD. Modified and affirmed.

*Julian C. Franklin for plaintiff, appellee.*
*Walser & Wright for defendants, appellants.*

DEVIN, J. Plaintiff instituted her action in the municipal court of
the city of High Point for the recovery of $350 which she alleged she
paid defendants for the conveyance of a city lot, designated as No. 198
and described in the complaint, to which lot she alleged defendants had
no title. The defendants admitted they did not own lot No. 198 de-
scribed in the deed, but set up, as an affirmative defense or counterclaim,
that there was a mutual mistake in the description in the deed, and that
the plaintiff intended to purchase and the defendants intended to convey
lot No. 196 in the same division, which lot the defendants did own, and
asked for reformation of the deed in accord with that intention.

In the municipal court jury trial was waived, and it was agreed that
the judge should find the facts. From the evidence offered the court
found that there was a mutual mistake in the deed, and that the parties
intended that lot No. 196 be described instead of lot No. 198, and there-
upon overruled plaintiff's motion to dismiss the counterclaim, and
ordered the deed reformed as prayed. To this finding and judgment
the plaintiff noted exception and appealed to the Superior Court.

In the Superior Court it was adjudged that there was no evidence to
support the finding that the description of the property in the deed as
lot No. 198 was inserted by mutual mistake, or that the parties intended
to describe lot No. 196 instead of No. 198 as expressed in the deed.

The appeal of the defendants brings this ruling of the court to us for
review, and requires an examination of the testimony offered in the
municipal court to determine whether there was any evidence to support
the finding that there was a mutual mistake in the deed as asserted in
defendants' counterclaim. Upon such examination we are led to the con-
clusion that the ruling in the Superior Court was correct. We do not
think there was evidence to support the finding that there was a mutual
mistake in the description of the lot conveyed so as to entitle the defend-
ants to the equity of reformation. All the evidence is to the effect that

the plaintiff wished to purchase lot No. 198 and not lot No. 196, and that she had no intention of purchasing lot No. 196. There is no evidence that the parties had gone upon the premises, or that they had mistakenly inserted a different description of the lot intended to be conveyed. At the time plaintiff offered to purchase lot No. 198 it was erroneously supposed that defendants owned that lot. There was no meeting of the minds of the parties as to the purchase of lot No. 196, and plaintiff did not agree to purchase that lot, and does not wish to do so. The court cannot, under the guise of reformation, enforce a contract which the parties themselves have not made.

"A person who seeks to rectify a deed on the ground of mistake must establish, in the clearest and most satisfactory manner, that the alleged intention to which he desires it to be comformable continued concurrently in the minds of all parties down to the time of its execution." *Long v. Guaranty Co.,* 178 N. C., 503, 101 S. E., 11; *Sills v. Ford,* 171 N. C., 733, 88 S. E., 636.

As the exception to the judgment of the municipal court related only to the defendants' counterclaim, the judgment of the Superior Court should have been limited to remanding the case to the municipal court for proceeding in that court in accord with the judgment of the Superior Court. *Bernhardt v. Brown,* 118 N. C., 701, 24 S. E., 527.

Except as thus modified, the judgment of the Superior Court is

Affirmed.